UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CHERYL BRAUNER, et al.**                                       **CIVIL ACTION**

**VERSUS**                                                       **NO. 19-3315**

**VANLINER INSURANCE COMPANY, et al.**                           **SECTION: "G"(5)**

## ORDER

Defendants Suddath Van Lines, Inc. and Vanliner Insurance Company ("Defendants") removed this action from the 24th Judicial District Court for the Parish of Jefferson, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332, 1441(a), and 1446.[1] On April 22, 2019, finding that the notice of removal lacked sufficient information to support subject matter jurisdiction, the Court ordered Defendants to submit summary-judgment-type evidence regarding the amount in controversy at the time of removal.[2] On May 20, 2019, in response to the Court's order, Defendants filed a "Memorandum Regarding Amount in Controversy" (the "Response").[3] Having considered the notice of removal, the Response, and the applicable law, the Court finds that Defendants have not established that the Court has subject matter jurisdiction over this matter. Accordingly, the case is hereby remanded to the 24th Judicial District Court for the Parish of Jefferson.

## I. Background

This litigation arises out of Plaintiffs Cheryl and David Brauner's ("Plaintiffs") allegations that they were injured during a motor vehicle accident.[4] On January 30, 2019, Plaintiffs filed a

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 7.

[3] Rec. Doc. 8.

[4] Rec. Doc. 1-1.

1

petition for damages in the 24th Judicial District Court for the Parish of Jefferson.[5] On March 25, 2019, Defendants removed the case to this Court, asserting diversity jurisdiction.[6] On April 22, 2019, the Court found that the notice of removal lacked sufficient information to support subject matter jurisdiction, and the Court ordered Defendants to submit summary-judgment-type evidence regarding the amount in controversy at the time of removal.[7] On May 20, 2019, Defendants filed the Response.[8]

In the Response, Defendants contend that Plaintiff Cheryl Brauner ("Ms. Brauner") has undergone extensive medical treatment with multiple providers since the accident, including visits to a spinal specialist who opined that Ms. Brauner has a C5-C6 herniation likely caused by the accident.[9] Defendants allege that Ms. Brauner's physician recommended that she undergo cervical spine surgery at C5-6 and C6-7 and possibly a rhizotomy for the lumbar spine.[10] Defendants contend that these surgeries will likely exceed a cost of $75,000.[11] Defendants also argue that both Louisiana and federal courts have recognized these extensive surgeries as sufficient evidence that the amount in controversy exceeds the requisite $75,000.[12] Defendants assert that in addition to these physical injuries, the Petition includes allegations of psychological injuries that "could potentially return a general damages award exceeding the amount in controversy."[13] Lastly, Defendants contend

---

[5] *Id.*

[6] Rec. Doc. 1.

[7] Rec. Doc. 7.

[8] Rec. Doc. 8.

[9] *Id.* at 3.

[10] *Id.* at 3–4.

[11] *Id.* at 4–5.

[12] *Id.*

[13] *Id.* at 6.

that because Ms. Brauner's claims "clearly exceed the requisite amount in controversy for federal court jurisdiction," the Court may exercise supplemental jurisdiction over Plaintiff David Brauner's loss of consortium claim.[14]

## II. Legal Standard

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.[15] The removing party bears the burden of demonstrating that federal jurisdiction exists.[16] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[17]

The Supreme Court has stated, "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith."[18] Thus, if a plaintiff claims that he is seeking a sum less than $75,000, the burden is on the defendant to show that the plaintiff's claim was not made in good faith for the purpose of establishing that jurisdiction is proper in federal court.[19]

Likewise, under Fifth Circuit law, when the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith."[20] If the plaintiff

---

[14] *Id.* at 7.

[15] *See* 28 U.S.C. § 1441(a).

[16] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[17] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[18] *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).

[19] *Id.*

[20] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

3

pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal.[21] "Thus, in the typical diversity case, the plaintiff remains the master of his complaint."[22]

When the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[23] A defendant satisfies this burden either: "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[24] The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[25] Finally, the jurisdictional facts that support removal "must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time."[26]

### III. Analysis

Defendants argue that Ms. Brauner's injuries and surgery recommendations make it apparent that the amount in controversy exceeds $75,000.[27] However, in the Court's April 22, 2019 Order, the Court explained why these unsupported assertions are insufficient to establish the

---

[21] *Id.*

[22] *Id.*

[23] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335.

[24] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

[25] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[26] *Allen*, 63 F.3d at 1335.

[27] Rec. Doc. 8 at 3–5.

amount in controversy.[28] Neither the Petition nor the Notice of Removal provided any information on specific monetary amounts related to Ms. Brauner's injuries or treatment.[29] The Court gave Defendants an opportunity to provide summary-judgment-type evidence as proof of these specific monetary amounts, but Defendants have not submitted any evidence of the specific amount of damages incurred. Although Defendants allege injuries, surgeries, and treatment, "such allegations alone, unaccompanied by pertinent factual detail, 'simply provide[ ] the usual and customary damages set forth by personal injury plaintiffs and do[ ] not provide the Court with any guidance as to the actual monetary amount of damages.'"[30] Defendants' speculation of general damages that Plaintiff could recover is insufficient to establish subject matter jurisdiction.[31]

Additionally, in the Notice of Removal, Defendants argue that Plaintiffs' failure to stipulate that damages are less than $75,000 establishes that the amount in controversy is met.[32] This argument is unavailing. The burden on Defendants "to produce information" that the amount in controversy exceeds $75,000 is an "affirmative" one.[33] Moreover, the Fifth Circuit has made clear that Plaintiff's "failure to object to removal or jurisdiction . . . does not relieve [Defendants] of [its] burden to support federal jurisdiction at the time of removal."[34] Accordingly, Defendants have not provided sufficient evidence that the amount in controversy is satisfied in this case.

---

[28] Rec. Doc. 7 at 6–7.

[29] *Id.*

[30] *Maze v. Protective Insurance Co.*, 2017 WL 164420 at *4 (E.D. La. January 1, 2017) (quoting *Carver v. Wal-Mart Stores Inc.*, No. 08-42, 2008 WL 2050987, at *2 (M.D. La. May 13, 2018)).

[31] *Lee v. Standard Fire Ins. Co.,* No. CV 17-1088, 2017 WL 2983234, at *4 (E.D. La. July 7, 2017) (Brown, J.) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

[32] Rec. Doc. 1 at 9–10.

[33] *Simon*, 193 F.3d at 851 (holding that defendant "had an affirmative burden to produce information . . . sufficient to show by a preponderance of the evidence that the amount in controversy exceeded $75,000." (internal citation and quotation marks omitted)).

[34] *Id*.

## IV. Conclusion

For the reasons stated above, Defendants have not met their burden of establishing that the actual amount in controversy exceeds $75,000. Thus, it appears that based on the facts and evidence available at the time of removal, this Court lacks subject matter jurisdiction over this action. Accordingly,

**IT IS HEREBY ORDERED** that the above-captioned matter is **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

**NEW ORLEANS, LOUISIANA**, this  28th  day of May, 2019.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**